UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAVID WILLIAMS,

        Defendant.

Case No. 15-cr-117-pp

---

**ORDER DENYING MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. §3582(C)(2) (GUIDELINE AMENDMENT NO. 782) (DKT. NO. 693)**

---

On March 16, 2017, the court sentenced the defendant to serve fifty months in custody, followed by five years of supervised release. Dkt. No. 614. This sentence was the result of the defendant's October 11, 2016 guilty plea to one count of knowingly and intentionally distributing heroin. Dkt. No. 460.

The defendant has filed a motion, asking the court to modify or reduce his sentence under Amendment 782 to the United States Sentencing Guidelines. Dkt. No. 693. The court will deny this motion, because the defendant already has received the benefit of Amendment 782.

Amendment 782 "reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in §2D1.1, and made parallel changes to §2D1.11." Amendment to the Sentencing Guidelines, July 18, 2014. The United States Sentencing Commission submitted the amendment to Congress on April 30, 2014; Congress adopted

the amendment, and it became effective November 1, 2014. See https://www.ussc.gov/topic/2041-drug-amendment (last checked August 17, 2017).

So—anyone sentenced *since* November 1, 2014 was sentenced under the lower guidelines mandated by the amendment. The defendant pled guilty on October 11, 2016 to drug activity involving at least 100 grams but no more than 400 grams of heroin. Dkt. No. 428 at ¶16. The court sentenced him on that amount. The offense level for that amount of heroin, in the 2016 Guidelines Manual (the one this court used to sentence the defendant), was level 24. If the defendant had been sentenced under the 2013 Guidelines Manual (the one for the year *before* the amendment went into effect), his offense level would have been 26. United States Sentencing Guidelines Manual, §2D1.1(c)(7), 2013 ed. In sentencing defendant Williams, the court used an offense level that was two levels lower than it would have been if he'd been sentenced before the amendment went into effect.

The court notes that the defendant appears to have used a boilerplate motion. Dkt. No. 693. Between July 2014 and November 1, 2015, the court received many of these motions. That is because after Amendment 782 became effective, the Sentencing Commission voted to apply it retroactively—that is, they decided that courts could use it to reduce the drug offense levels for people who were sentenced *before* the amendment became effective. What that meant was that if someone was sentenced on a drug crime in, say, 2010—four years before the amendment became effective—that person could file a motion,

asking the court to resentence him and lower his drug offense level by two. Once the word got out that the amendment was retroactive, and would give relief to people who were sentenced before November 1, 2014, many prisoners all over the country, who'd been sentenced before November 1, 2014, filed motions for a retroactive sentence reduction. Defendant Williams, however, is not entitled to a "retroactive" sentence reduction, because he wasn't sentenced before November 1, 2014.

Finally, the court points out that it did not give defendant Williams a guidelines sentence. The defendant had an adjusted offense level of 21, in criminal history category V. Level 21 in criminal history category V, in the 2016 Guidelines Manual, yielded an advisory sentencing guideline range of seventy (70) to eighty-seven (87) months. The court imposed a sentence of fifty (50) months—almost two years *below* the applicable sentencing guideline range, even with the benefit of the 2014 amendment.

The court **DENIES** the defendant's motion for modification or reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendment 782. Dkt. No. 693.

Dated in Milwaukee, Wisconsin this 17th day of August, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**